(No. 3433—

BAUM PACKING COMPANY, Claimant, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed June 23, 1941.*

GEORGE H. WEBB, for claimant.

GEORGE F. BARRETT, Attorney General; GLENN A. TREVOR, Assistant Attorney General, for respondent.

MR. JUSTICE LINSCOTT delivered the opinion of the court:

Claimant avers that it is a corporation organized under the laws of the State of Illinois, and for more than five years last past has been engaged in the manufacture and sale of meat products in Danville and vicinity; that it has an authorized capital stock of $60,000.00; that on May 15, 1937, the corporation received a notice from Edward J. Hughes, Secretary of State, requesting payment of $60.00 franchise tax, copy of which notice is attached and marked Exhibit "A," and pursuant to the notice the corporation sent its check payable to the Secretary of State in the sum of $60.00. Thereafter, on May 16, 1938, the corporation received notice from the Secretary of State that there was due the State of Illinois the sum of $60.00 franchise tax, and a copy of that notice was attached, and that same was duly paid by claimant. That in each of the notices it was stated that the capital stock of this corporation was $120,000.00, when in truth and in fact the capital stock of the corporation was only $60,000.00, and that the corporation relying upon the amounts stated in the secretary's notice paid a tax on the amount of capital stock stated

in said notice and that there was actually due the State of Illinois the sum of $30.00, for each of said years and not the sum of $60.00 for each of said years, and there is now due the claimant the sum of $60.00 as an overpayment.

It is also averred that on June 24, 1939 claimant called to the attention of the Secretary of State the fact of this overpayment for the years 1937 and 1938 and on June 27, 1939 claimant received acknowledgment of the letter to the Secretary of State in which he acknowledged the erroneous assessment, but stated he could not refund the amount of the overpayment because the amount had been paid to the State Treasury.

The Attorney General has made a motion to dismiss and as grounds of the motion he says that claimant does not set forth a claim which the State of Illinois could discharge and pay, in that claimant herein seeks a refund of franchise tax paid in 1937 and 1938, not under protest or with objection thereto, and without a request for a hearing thereon in accordance with the statute of the tax now alleged to have been erroneously assessed.

In view of the facts, this court, though reluctant to do so, must sustain the motion of the Attorney General.

It is not claimed that objection of any kind was made by the claimant. This court has had occasion to pass upon similar facts many times and now it is a settled doctrine of this court that where a franchise tax is erroneously assessed and no objection is made thereto, and no request is made for a hearing thereon in accordance with the statute, such payment consisted of voluntary payment within the legal meaning of these words.

> *Fried & Bell Paper Co.* vs. *State,* 8 C. C. R. 531;
> *Niles Center Mercantile Co.* vs. *State,* No. 2608 and others.

These facts were well known to claimant. It certainly knew the amount of its capital stock, and it is presumptional law that its managing officers knew the statute providing for a hearing on this very question. The argument is made by counsel for claimant that common honesty and decency requires a refund of the amount in question, and he has ably presented in oral argument that question, and he likens it to an individual who has received money from someone for which

he is not justly entitled, but we think that this is not a fair comparison.

The Secretary of State has a multitude of duties, both in the corporation department, and for other things. Manifestly, he must rely upon others to perform those services. Manifestly, these duties must be performed with much dispatch. While it may be said that the claimant likewise has many duties to perform yet this is personal to the claimant and ever since its business was incorporated it has known the amount of its capital stock, yet, when the representative of the Secretary of State, in its notice demanded payment on the capital stock of $120,000.00, claimant must have known that this was in excess of the amount of its capital stock, and should have immediately advised the Secretary of State of its error. When such information did go to the Secretary of State, the error in amount of capital stock was promptly corrected, but inasmuch as the Secretary of State is required to promptly pay all funds he receives into the State Treasury, and that having been done, the Secretary could not, as a matter of law, return this money to claimant.

The only way that that money could now be paid to claimant would be by a Special Act and Appropriation of the Legislature, with the attendant confusion to other State business caused thereby.

This court, and the Supreme Court of Illinois, have repeatedly held that where an illegal or excessive tax is paid voluntarily, and with full knowledge of all the facts, it cannot be recovered, and where such tax is paid under a mistake of law, it may not be recovered.

For the reasons herein stated, the claim will be denied.